

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES JOSEPH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-033-A |
| | § | |
| RODNEY CHANDLER, WARDEN, | § | |
| FCI-FORT WORTH, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
## and
## ORDER

Petitioner, James Joseph, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Rodney Chandler, warden, FCI-Fort Worth, is respondent. The court must order a respondent to show cause why a petition pursuant to § 2241 should not be granted "unless it appears from the [petition] that the [petitioner] or person detained is not entitled thereto." 28 U.S.C. § 2243. Having considered the petition and the papers attached thereto, the court concludes that it appears from the face of the petition that petitioner is entitled to no relief.

I.

### Background

The petition makes the following allegations:

On or about May 18, 2012, a prison incident report charged

petitioner with the offense of escape. A Bureau of Prisons officer reported to his lieutenant that three prisoners, including petitioner, were in the woods outside the grounds of the prison camp, having left the prison without authority. According to the officer's report, a non-prisoner named Brittney Allen ("Allen") and local police officers identified petitioner. The incident report indicated that Allen informed investigators she checked into a local hotel to see petitioner. However, petitioner disavowed this allegation, claiming that Allen really checked into the hotel to rendevous with the other inmates, who, like Allen, are from Baton Rouge. Petitioner alleges that Allen identified him in order to protect the other escapees, who were her friends.

A disciplinary hearing was held on June 22, 2012, where petitioner was found guilty of the offense of escape. As a consequence, petitioner was sanctioned with loss of phone and commissary privileges, visits, email access for six months, sixty days of disciplinary segregation, and disallowance of twenty-seven days of good conduct time.

## II.

### Grounds of the Petition

Petitioner contends that the disciplinary proceedings violated his due process rights in a number of ways. Some of the

alleged violations involve purported failures of the prison staff to follow Bureau of Prisons's policies and procedures pertaining to disciplinary hearings. For example, petitioner challenges whether the procedures used to question Allen complied with Bureau of Prisons's regulations for interrogations, and questions whether proper procedures were used to obtain her identification of petitioner. Petitioner also claims that the incident report was re-written, but he did not receive a copy of the revised report, and also did not receive a copy of the charges against him within twenty-four hours, as required by the Inmate Handbook.

Petitioner further maintains that his due process rights were violated because the disciplinary hearing officer determined that the testimony of the proposed witnesses was irrelevant and refused to allow those witnesses to testify at the disciplinary hearing. Petitioner asks that the incident report be expunged and his good-time credits restored due to the deficiencies in the disciplinary proceedings.

### III.

### Applicable Legal Principles

"[F]ederal courts cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action is shown." Reeves v. Pettcox, 19 F.3d 1060, 1062 (5th Cir. 1994) (per curiam). Stated differently, the court

3

may overturn a prison disciplinary proceeding only where no evidence supports the decision of prison officials. Id.

To state a claim for a violation of procedural due process, petitioner must allege facts showing that he had a liberty interest of which he was deprived by the Bureau of Prisons's actions without the benefit of constitutionally required procedural safeguards. Richardson v. Joslin, 501 F.3d 415, 418 (5th Cir. 2007). Prisoners do not have a liberty interest in being free from every adverse change in the conditions of their confinement. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) (citing Sandin v. Conner, 515 U.S. 472, 484 (1995)). Rather, prisoners are entitled to the protection of the Due Process Clause only when a change in the conditions of their confinement "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Thus, for example, petitioner's loss of commissary, telephone, and email privileges do not implicate due process concerns. See, e.g., Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Madison, 104 F.3d at 768. Assuming that petitioner had a liberty interest in his good time credits, however, he is still entitled to no relief.

In the context of a prison disciplinary proceeding, due process requires that a prisoner at a minimum receive (1) written

4

notice of the charges against him at least twenty-four hours prior to the disciplinary hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense, and (3) a written statement from the factfinder that includes the evidence relied on and the reasons for the disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). In addition, there must be "some evidence" in the record that supports the findings made at the hearing. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985); Richards v. Dretke, 394 F.3d 291, 293 (5th Cir. 2004).

IV.

Application of Law to Facts

As a preliminary matter, to the extent petitioner complains that the disciplinary proceedings failed to comply with Bureau of Prisons policies or regulations, he is entitled to no relief. Failure of prison officials to follow their own regulations does not rise to the level of a constitutional violation. Walls v. Chapman, 408 F. App'x 858, *859 (5th Cir. 2011).

Nor is petitioner entitled to relief on his due process claims. The petition and the prison disciplinary records attached thereto reveal that on May 18, 2012, petitioner received a copy of the original incident report explaining the charges against him. It appears that due to errors in some of the

5

disciplinary reports written on May 18, 2012, the reports were rewritten. Petitioner claims he never received a copy of the rewritten report. To obtain habeas relief because of a due process violation, petitioner must show how he was prejudiced by the violation. See Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997). However, petitioner has failed to make the required showing. Petitioner clearly understood the nature of the charges against him based on the original report, as he prepared a defense and requested witnesses for the disciplinary hearing based on the original report, and he explained the charges in detail in the petition. Petitioner has not alleged any prejudice from this purported violation, nor is any evident from the record.

Petitioner also contends he did not receive written notice of the disciplinary hearing. This contention is somewhat belied by the record. Attached to the petition is a copy of a document titled "Notice of Discipline Hearing Before the (DHO)." This form states that petitioner is being referred for a disciplinary hearing and notes the date and nature of the alleged violation; on the form, petitioner indicated his wish to call witnesses, and he included the names of the witnesses and the substance of their testimony. The form is signed by petitioner and dated May 29, 2012. Although no date for a hearing is indicated on the form,

6

it is undisputed that the disciplinary hearing was not held until June 22, 2012. The record thus conclusively establishes that petitioner received written notice of the hearing and the charges against him more than twenty-four hours prior to the actual date of the hearing. Petitioner has failed to allege or show any prejudice resulting from the absence of a date on the notice of discipline hearing form.

Finally, petitioner claims a violation of due process because he was not allowed to call witnesses to testify on his behalf at the hearing. Although the right to call witnesses is a requirement of due process, such a right is not without qualification. Prison officials may refuse to allow a prisoner's chosen witnesses to testify on the basis of "irrelevance, lack of necessity, the hazards presented" in a particular case, or for other reasons at their discretion. Wolff, 418 U.S. at 566.

Here, petitioner requested three witnesses to testify at his disciplinary hearing. Each was to testify that on the date of the alleged escape, petitioner was present at the facility during prisoner count. The disciplinary hearing officer stipulated to that fact, and noted that the issue for the hearing was whether petitioner left the physical grounds of the prison without authorization, not whether he was present for the count. Accordingly, the disciplinary hearing officer determined that the

witnesses' testimony was irrelevant on a point that was not in dispute, and the witnesses were not allowed.

Under these circumstances, petitioner cannot show that he was prejudiced by the exclusion of his witnesses. The disciplinary hearing officer stipulated to the single issue that was the substance of each potential witness's testimony. Petitioner has alleged nothing that the witnesses would have added to the hearing that could have changed the outcome. Here, the record establishes that petitioner received all the process to which he was due. Najjar v. Yusuff, 81 F. App'x 815, 816 (5th Cir. 2003) (per curiam) (no due process violation where hearing officer excluded witnesses from disciplinary hearing, and prisoner failed to show he was prejudiced by the exclusion); Banuelos v. McFarland, 41 F.3d 232, 234-235 (5th Cir. 1995) (per curiam) (same).

Having determined that petitioner's disciplinary hearing comported with the requirements of due process, the court must still determine if "some evidence" in the record supports the DHO's finding. Hill, 472 U.S. at 454-55. Here, the evidence relied on by the hearing officer included the incident report written by a correctional officer who saw petitioner and two other prisoners in the woods near the facility; reports of the investigation into the prisoners' escape, including a first-hand

8

account from Allen, who said she met petitioner at a hotel during the time he was absent from the prison; and testimony of the other two prisoners who left the prison with petitioner.[1] Petitioner's only defense in the hearing was that he was present during count, which the disciplinary hearing officer noted was not at issue. Based on all of the evidence submitted, the disciplinary hearing officer found that petitioner committed the offense of escape. The court finds that "some evidence" supports the hearing officer's determination. See Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001) (incident report "standing alone" was "some evidence" of prisoner's guilt).

V.

Order

Therefore,

The court ORDERS that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by James Joseph be, and is hereby, denied.

SIGNED February 7, 2014.

_____
JOHN McBRYDE
United States District Judge

---

[1] Although petitioner disputes the veracity of Allen's report to the investigators, the court will not weigh the evidence, including the credibility of witnesses, relied on by the disciplinary hearing officer. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985).